**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| AMANDA ALEXANDER, et al., | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| -vs- | ) | No. 11-CV-1343-M |
| | ) | |
| HALLIBURTON ENERGY SERVICES, INC., et al. | ) | |
| | ) | |
| Defendant(s) | ) | |

| | | |
|---|---|---|
| LYN WILMES, et al., | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| -vs- | ) | No. 11-CV-1323-M |
| | ) | |
| HALLIBURTON ENERGY SERVICES, INC., et al. | ) | |
| | ) | |
| Defendant(s) | ) | |

**DEFENDANT SAIC ENERGY, ENVIRONMENT & INFRASTRUCTURE, LLC'S APPLICATION FOR PARTIAL RELIEF FROM THE COURT'S SETTLEMENT CONFERENCE ORDER AND LOCAL COURT RULE 16.2(b)**

Defendant SAIC Energy, Environment & Infrastructure, LLC ("SAIC"), by and through its counsel of record, requests partial relief from this Court's Settlement Conference Order, *Alexander v. Halliburton Co.*, Civ-11-1343-M (W.D. Okla) ("*Alexander*") ECF No.155 and W.D. Okla. Local Rule 16.2(b). SAIC is a peripheral defendant in these cases and has not participated in the ongoing settlement discussions. SAIC requests that it be allowed to be represented by Oklahoma counsel and that its client representative be available by phone, rather than in person. SAIC has conferred with counsel for plaintiffs and co-defendant Halliburton Energy Services, Inc. ("HESI"), and they do not object to the relief sought.

In these cases, plaintiffs allege that from 1965 to 1992, HESI conducted missile casing cleaning operations that released chemicals (primarily perchlorate) from its property located on Osage Road in Duncan, Oklahoma, and that the chemicals migrated to plaintiffs' properties and/or drinking water wells and caused plaintiffs' personal injuries and/or property damages. SAIC was one of dozens of environmental contractors HESI retained to investigate or remediate the Osage Road site, but was not retained until 2002 (after site operations were terminated), conducted only investigative activities as HESI directed, and is no longer significantly involved with the site investigation.

Plaintiffs initially named SAIC in the mistaken belief that it was an Oklahoma defendant and its inclusion in the Complaint would defeat federal diversity jurisdiction. *See Alexander* Petition (ECF No.1-2) ¶ 6. Plaintiffs have since conceded that SAIC is a diverse party. *See Alexander* Order of March 26, 2012 (ECF No. 60) at 2 (in light of SAIC's corporate disclosure, plaintiff's motion to remand is moot).

SAIC filed a motion to dismiss plaintiff's complaint in *Alexander* on February 8, 2012, (ECF No. 48), because plaintiffs could not show that SAIC, as an environmental contractor to HESI, had a duty of care with regard to a neighboring property owners. The Court held the complaint's allegations were sufficient to survive a motion to dismiss, but acknowledged that its determination "may change" after discovery was completed and facts, including the SAIC's "actual contract" with HESI, were brought before the Court. Order, April 18, 2012, (ECF No. 61) at 4 n.1.

SAIC has requested that plaintiffs dismiss their case against it. Plaintiffs have indicated that they will consider the request after SAIC has responded to discovery. SAIC has responded

to plaintiffs' interrogatories, produced documents, and will make a witness available for a corporate witness deposition on February 3, 2015. Thereafter SAIC will again request voluntary dismissal, and if plaintiffs do not agree, will move for summary judgment.

Because of its peripheral status in this case, SAIC did not request the pending settlement conference and has not participated in settlement efforts. SAIC attended an opening mediation session in August 2013, but has not participated in any of the extensive settlement discussions that have been going on for the past year. The in-person participation of SAIC's client representative in the settlement conference is not necessary for the resolution of these cases.

For these reasons, SAIC requests that its client representative be excused from attending the settlement conference in person; the representative will be available by telephone. We thank the Court for its consideration.

Respectfully submitted,

| /s/ Frank Leone | Dated: December 29, 2014 |
|---|---|

| Frank Leone, *pro hac vice* | Linda C. Martin |
|---|---|
| Joe G. Hollingsworth, *pro hac vice* | DOERNER, SAUNDERS, DANIEL & |
| HOLLINGSWORTH LLP | ANDERSON, L.L.P. |
| 1350 I Street, N.W. | Williams Center Tower II |
| Washington, DC 20005 | Two West Second Street, Suite 700 |
| Tel.: (202) 898-5800 | Tulsa, OK 74103 |
| Fax: (202) 682-1639 | Tel.: (918) 591-5307 |
| fleone@hollingsworthllp.com | Fax: (918) 925-5307 |
| jhollingsworth@hollingsworthllp.com | lmartin@dsda.com |

*Attorneys for Defendant SAIC Energy, Environment & Infrastructure, LLC*

**CERTIFICATE OF SERVICE**

   I hereby certify that on December 29, 2014, a copy of the foregoing SAIC ENERGY, ENVIRONMENT & INFRASTRUCTURE, LLC'S APPLICATION FOR PARTIAL RELIEF FROM THE COURT'S SETTLEMENT CONFERENCE ORDER AND LOCAL COURT RULE 16.2(b) was served electronically to the counsel of record.

                     /s/ Frank Leone
                  Frank Leone, *pro hac vice*
                   HOLLINGSWORTH LLP
                   1350 I Street, N.W.
                   Washington, DC  20005
                   Tel.:  (202) 898-5800
                   Fax:  (202) 682-1639