# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KRAIG BICKERSTAFF, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-1305-M |
| | ) | |
| HALLIBURTON ENERGY SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | | |
| FRANK D. ELDRIDGE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-1306-M |
| | ) | |
| HALLIBURTON ENERGY SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | | |
| ROBIN L. BOOTH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-1308-M |
| | ) | |
| HALLIBURTON ENERGY SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | |
|---|---|
| HARMEN ARLEN MAY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. CIV-11-1309-M |
| | ) |
| HALLIBURTON ENERGY SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |
| LESLIE T. CAMPBELL, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. CIV-11-1311-M |
| | ) |
| HALLIBURTON ENERGY SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |
| EVELYN BERNICE SOUTHERLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-11-1312-M |
| | ) |
| HALLIBURTON ENERGY SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |
| STEPHEN G. JONES, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. CIV-11-1322-M |
| | ) |
| HALLIBURTON ENERGY SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

| | | |
|---|---|---|
| BRUCE WILMES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-1323-M |
| | ) | |
| HALLIBURTON ENERGY | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | | |
| AMANDA ALEXANDER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-1343-M |
| | ) | |
| HALLIBURTON COMPANY, | ) | |
| HALLIBURTON ENERGY SERVICES, | ) | |
| INC., and SAIC ENERGY, | ) | |
| ENVIRONMENT & INFRASTRUCTURE, | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| TERRY CHEEK, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-116-M |
| | ) | |
| HALLIBURTON ENERGY | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court is defendant Halliburton Energy Services, Inc.'s ("HESI") Motion for Summary Judgment on the Emotional Distress and/or Mental Anguish Claims of All Plaintiffs in the Above-Captioned Cases Except Plaintiffs Gilley, F. Herndon, M. Herndon, Pace, and L. Wilmes,

3

filed April 24, 2015. On May 19, 2015, plaintiffs filed their responses, and on May 26, 2015, HESI filed its replies. Based upon the parties' submissions, the Court makes its determination.

I.     Introduction

Plaintiffs commenced the above-referenced actions seeking compensation and other relief for injuries to their properties, loss of use and enjoyment of their properties, personal annoyance, inconvenience, aggravation, mental anguish, emotional distress, and discomfort, and other related harms caused by perchlorate that allegedly has migrated from HESI's Osage Road site. Plaintiffs assert claims under a number of different legal theories, including negligence, nuisance, and trespass. HESI now moves for summary judgment as to all plaintiffs (other than Misti Gilley, Frank Herndon, Mary Herndon, Linda Pace, and Lauren Wilmes) on any and all claims that they allegedly suffered emotional distress from exposure to perchlorate.

II.    Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts.

4

Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III. Discussion

HESI asserts that no plaintiff in these cases has a viable emotional distress or mental anguish claim for damages absent an offer of competent proof of a physical injury that is connected to the emotional distress. HESI further asserts that under Oklahoma law, competent proof means the testimony of a qualified medical expert who has diagnosed the physical injury and causally connected it to the emotional distress. HESI contends no plaintiff seeking to recover emotional distress or mental anguish damages has submitted any expert report opining that any physical symptoms have resulted from emotional distress or mental anguish and, thus, plaintiffs have failed to make a sufficient showing on an essential element of their cases with respect to which they have the burden of proof. Additionally, HESI contends that no plaintiff should be allowed to pursue a claim for damages for emotional distress or mental anguish based on any property based or nuisance based claims because Oklahoma law does not permit such claims.

A. Physical injury requirement

The parties do not dispute that under Oklahoma law, "upon proper proof, the plaintiff may recover for mental anguish where it is caused by physical suffering and may also recover for mental anguish which inflicts physical suffering." *Ellington v. Coca Cola Bottling Co. of Tulsa, Inc.*, 717 P.2d 109, 111 (Okla. 1986). What the parties dispute is whether expert testimony is required in order to recover for a mental anguish/emotional distress claim. HESI contends that expert testimony

5

is always required. Plaintiffs contend that no expert testimony is required and that a plaintiff's testimony is sufficient.

The Oklahoma Supreme Court has held:

> The rule of law is established in this jurisdiction that where an injury is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be determined by the testimony of skilled and professional persons, and cannot be determined by the testimony of unskilled witnesses having no scientific knowledge of such injuries.

*Cushing Coca-Cola Bottling Co. v. Francis*, 245 P.2d 84, 85 (Okla. 1952).

Thus, this Court must determine whether the injury claimed by a plaintiff is of such character as to require an expert to determine the cause and extent thereof. In other words, the Court must determine whether the injury claimed, as well as the causation of that injury, is within the usual and ordinary experience of the average person. This determination will necessarily depend on the injury alleged. In the instant cases, there are various physical injuries alleged by plaintiffs, such as loss of sleep, nausea, stomach aches, headaches, seizures, high blood pressure, and ulcers, that plaintiffs contend were caused by their mental anguish resulting from the alleged contamination.[1] Certain of these physical injuries, such as headaches, ulcers, and seizures, are clearly of such character as to require the testimony of an expert, or at a minimum a plaintiff's treating physician. Other physical injuries, such as loss of sleep, fall within the usual and ordinary experience of the average person and the testimony of an expert would not be necessary. Additionally, the Court finds the timing

---

[1] Each plaintiff is different and alleges different physical injuries. Further, each plaintiff differs based upon any preexisting conditions and the time period during which their physical injuries lasted. Finally, depositions of only the discovery plaintiffs have been taken in these cases, and, thus, it is unknown what any other plaintiffs contend are their physical injuries resulting from their mental anguish.

6

between the mental anguish and the physical injury alleged will also affect the determination of whether expert testimony is required. As the claimed physical injury becomes more separated in time from the mental anguish, the causal relationship becomes more doubtful and tenuous, and expert testimony would become necessary to establish causation.

Thus, in light of the above, the Court finds that summary judgment can not be granted on a global basis in relation to plaintiffs' claims for emotional distress and/or mental anguish. Any ruling on the merits of a claim for emotional distress and/or mental anguish will need to be made on a plaintiff by plaintiff basis. Based upon the current record, the Court simply does not have sufficient evidence to make such a ruling at this time.

### B. Damages for emotional distress under nuisance and trespass claims

Regarding plaintiffs' nuisance claims, all parties agree that under Oklahoma law, a person affected by a nuisance may recover damages for personal inconvenience, annoyance, and discomfort resulting from the nuisance. The parties also agree that no physical injury is required to recover damages for personal inconvenience, annoyance, and discomfort resulting from a nuisance. Having reviewed the parties' submissions, the Court finds these damages are not at issue in the instant motion for summary judgment.

Regarding plaintiffs' trespass claims, plaintiffs contend they are entitled to recover compensation for the mental distress, anguish, anxiety, discomfort, and annoyance they suffered as a result of HESI's trespass. Plaintiffs further contend that there is no requirement that a plaintiff must show a physical injury prior to recovering damages for emotional distress and/or mental anguish under a trespass claim. HESI contends that even under a trespass claim, a plaintiff must show physical injury that is causally connected to the alleged emotional distress.

7

Having carefully reviewed the parties' submissions, the Court finds that a plaintiff must show physical injury that is causally connected to the alleged emotional distress in order to be able to recover damages for emotional distress under a trespass claim. Plaintiffs have not cited, and the Court has not found, any Oklahoma case allowing damages for emotional distress absent a physical injury under a trespass claim. Further, the Court finds requiring physical injury in this instance would be consistent with the Oklahoma Court of Civil Appeals' holding that "no cause of action may be had for negligent infliction of emotional distress due to property damage." *McMeakin v. Roofing and Sheet Metal Supply Co. of Tulsa*, 807 P.2d 288, 290 (Okla. Civ. App. 1990). However, this Court's finding that physical injury is required in order to recover damages for emotional distress does not prevent a plaintiff from recovering damages for anxiety, discomfort, annoyance, and inconvenience without showing any physical injury.

IV. Conclusion

Accordingly, the Court finds that a plaintiff must show physical injury that is connected to their emotional distress and/or mental anguish in order to recover damages for emotional distress and/or mental anguish. The Court further finds that whether expert testimony is required to make this showing must be determined on a plaintiff by plaintiff basis as set forth above. The Court, therefore, GRANTS IN PART and DENIES IN PART HESI's Motion for Summary Judgment on the Emotional Distress and/or Mental Anguish Claims of All Plaintiffs in the Above-Captioned Cases Except Plaintiffs Gilley, F. Herndon, M. Herndon, Pace, and L. Wilmes.

**IT IS SO ORDERED this 10th day of June, 2015.**

*[Signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE