# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AMANDA ALEXANDER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-1343-M |
| | ) | |
| HALLIBURTON ENERGY SERVICES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| MITCHELL MCCORMICK, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-1272-M |
| | ) | |
| HALLIBURTON ENERGY SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | | |
| BRUCE WILMES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-1323-M |
| | ) | |
| HALLIBURTON ENERGY SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | |
|---|---|
| GLYNN ALLEN and MYRA ALLEN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. CIV-13-715-M |
| | ) |
| HALLIBURTON COMPANY and | ) |
| HALLIBURTON ENERGY SERVICES, | ) |
| INC., a Delaware corporation, | ) |
| | ) |
| Defendants. | ) |

# ORDER

Before the Court is plaintiffs' "Motion in Limine to Proclude Expert Testimony of Defendant's Witness, Herschel Roberts," filed April 24, 2015.[1] On May 19, 2015, defendant Halliburton Energy Services, Inc. ("HESI") filed its response, and on May 26, 2015, plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

From the mid-1960s until 1991, HESI cleaned missile motor casings for the United States Department of Defense and its contractors on a portion of its Osage Road facility near Duncan, Oklahoma ("Site"). Plaintiffs allege that, as a result of those operations, the groundwater at the Site became contaminated with perchlorate, which has since migrated offsite and into the private water wells of numerous area residents. Plaintiffs' expert Dr. Richard Laton opines that HESI violated its Oklahoma State Department of Health permit and laws related to HESI's missile case cleaning operation. To respond to these opinions, HESI retained Mr. Herschel Roberts, a former member and

---

[1] Plaintiffs in the *Alexander* case, case no. CIV-11-1343-M, the *Wilmes* case, case no. CIV-11-1323-M, and the *Allen* case, case no. CIV-13-715-M, join in the motion in limine filed by the *McCormick* plaintiffs in case no. CIV-11-1272-M.

chairman of the Environmental Quality Board who has more than forty (40) years of experience in the environmental field.

Pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), plaintiffs move to preclude the testimony of Mr. Roberts, with respect to: (1) any opinions concerning whether HESI has a good record of compliance with its permit and applicable regulations; (2) any opinions concerning whether HESI's operations were consistent with the state of knowledge and best practices at the time of its operations; (3) any opinions concerning whether HESI's RCRA closure plan complied with applicable law and regulations; and (4) any opinions concerning the appropriateness of HESI's communications with state agencies as fulfilling its duty to warn.

II.     Discussion

Federal Rule of Evidence 702 governs the admissibility of expert testimony based upon scientific, technical, or other specialized knowledge. It provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

In undertaking its gatekeeping function, a court must first determine under Rule 702 whether the witness is qualified and whether the opinions expressed fall within his area of expertise. *See*

*Graves v. Mazda Motor Corp.*, 675 F. Supp. 2d 1082, 1092-93 (W.D. Okla. 2009). "'[T]he issue with regard to expert testimony is not the qualifications of a witness in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question.'" *Id.* (quoting *Berry v. City of Detroit*, 25 F.3d 1342, 1351 (6th Cir. 1994)).

If the court determines the witness is qualified, it must then determine whether the expert's opinions are reliable. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Supreme Court held that Rule 702 requires the trial court to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." 509 U.S. at 589. In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999), the Supreme Court concluded that "*Daubert*'s general holding – setting forth the trial judge's general 'gatekeeping' obligation – applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." 526 U.S. at 141. With respect to the all-important reliability determination, the Supreme Court further concluded that "a trial court *may* consider one or more of the more specific factors that *Daubert* mentioned when doing so will help determine that testimony's reliability. But, as the Court stated in *Daubert*, the test of reliability is 'flexible,' and *Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case." *Id.* (emphasis in original).

The "*Daubert* factors" that *may* be considered in assessing the reliability of proposed expert testimony are: (1) whether the theory or technique employed by the expert in formulating his expert opinion can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) whether, with respect to a particular technique, there is a high known or potential rate of error; (4) whether standards control operation of the technique; and (5) whether

4

the theory or technique is generally accepted within the relevant professional community. *Id.* at 149-50 (quoting *Daubert*, 509 U.S. at 592-94). In *Kumho Tire*, the Court recognized that in some cases "the relevant reliability concerns may focus upon personal knowledge or experience," rather than scientific foundations. *Id.* at 150. In such cases, the trial court may focus on alternative factors that are better-suited to the specific type of expertise at issue. *Id.* at 150-52. "The objective of [the gatekeeping] requirement is to ensure the reliability and relevancy of expert testimony. It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 152. "[T]he trial judge [has] considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Id.*

Further, when expert testimony is challenged under *Daubert*, the burden of proof regarding admissibility rests with the party seeking to present the testimony. *Truck Ins. Exch. v. Magnetek, Inc.*, 360 F.3d 1206, 1210 (10th Cir. 2004). "The focus [of the inquiry] . . . must be solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595. "However, an expert's conclusions are not immune from scrutiny: A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003) (internal quotations and citation omitted). Additionally, "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

The Tenth Circuit has explained the appropriate analysis as follows:

> The plaintiff need not prove that the expert is undisputably correct or that the expert's theory is 'generally accepted' in the scientific

5

> community. Instead, the plaintiff must show that the method employed by the expert in reaching the conclusion is scientifically sound and that the opinion is based on facts which sufficiently satisfy Rule 702's reliability requirements.

*Truck Ins. Exch.*, 360 F.3d at 1210 (quoting *Mitchell v. Gencorp Inc.*, 165 F.3d 778, 781 (10th Cir. 1999)).

### A. Opinions concerning whether HESI had a good record of compliance with its permit and applicable regulations

Plaintiffs seek the exclusion of Mr. Roberts' opinions regarding whether HESI had a good record of compliance with its permit and applicable regulations. Plaintiffs assert that these opinions are legal opinions that should be excluded by the Court. Having carefully reviewed the parties' submissions, and particularly Mr. Roberts' expert report and deposition testimony, the Court finds that Mr. Roberts' opinions concerning whether HESI had a good record of compliance with its permit and applicable regulations do not constitute impermissible legal opinions. Mr. Roberts does not express opinions as to whether HESI's operations were lawful or unlawful, does not explain a particular law, and does not interpret HESI's compliance with that law; instead, Mr. Roberts expresses opinions as to whether HESI's environmental compliance record is a good one. Mr. Roberts analyzes HESI's operations and provides expert testimony in the framework of HESI's permit requirements and regulatory expectations and understanding. The Court finds Mr. Roberts is qualified to offer the above opinions based upon his forty (40) years of experience in the environmental field, including his experience as a former regulator and as a former Environmental Quality Board member and chairman. Further, the Court finds these opinions will assist the jury to understand the evidence and/or to determine a fact in issue and do not invade the Court's responsibility to instruct on the law. Finally, the Court finds that any objections plaintiffs have to

Mr. Roberts' opinions go to the weight, and not the admissibility, of these opinions and that during cross-examination, plaintiffs may thoroughly question Mr. Roberts regarding all of the alleged deficiencies in Mr. Roberts' opinions.

Accordingly, the Court finds that Mr. Roberts' opinions concerning whether HESI had a good record of compliance with its permit and applicable regulations should not be excluded.

> B. Opinions concerning whether HESI's operations were consistent with the state of knowledge and best practices at the time of its operations

Plaintiffs assert that Mr. Roberts' opinions concerning whether HESI's operations were consistent with the state of knowledge and best practices at the time of its operations should be excluded because he is simply parroting the opinions of other experts. Having carefully reviewed the parties' submissions, and particularly Mr. Roberts' expert report and deposition, the Court finds that based upon his background, knowledge, and experience, Mr. Roberts is qualified to offer opinions regarding the historical knowledge of perchlorate and has set forth a sufficient basis for his opinions. Further, the Court finds that the majority of the objections plaintiffs have to these opinions go to the weight, and not the admissibility, of these opinions and that during cross-examination, plaintiffs may thoroughly question Mr. Roberts regarding all of the alleged deficiencies in his opinions. However, having carefully reviewed Mr. Roberts' expert report and deposition, the Court finds that Mr. Roberts is not qualified to opine regarding whether HESI's operations were consistent with the best environmental practices at the time of the operations and has not set forth a sufficient basis for these opinions. This portion of Mr. Roberts' opinions are solely based on the opinions of another expert and on a court case.

Accordingly, the Court finds that Mr. Roberts' opinions regarding the historical knowledge of perchlorate should not be excluded but that Mr. Roberts' opinions regarding whether HESI's

7

operations were consistent with the best environmental practices at the time of the operations should be excluded.

### C. Opinions concerning whether HESI's RCRA closure plan complied with applicable law and regulations

Plaintiffs seek the exclusion of Mr. Roberts' opinions concerning whether HESI's RCRA closure plan complied with applicable law and regulations. Plaintiffs assert that these opinions are legal opinions that should be excluded by the Court. Having carefully reviewed the parties' submissions, and particularly Mr. Roberts' expert report and deposition testimony, the Court finds that Mr. Roberts' opinions concerning whether HESI's RCRA closure plan complied with applicable law and regulations do not constitute impermissible legal opinions. Mr. Roberts does not express opinions as to whether HESI's RCRA closure plan was lawful; instead, Mr. Roberts expressly states that it is the state agency's decision as to whether a closure plan is compliant with the law. Further, the Court finds these opinions will assist the jury to understand the evidence and/or to determine a fact in issue and do not invade the Court's responsibility to instruct on the law. Finally, the Court finds that any objections plaintiffs have to Mr. Roberts' opinions go to the weight, and not the admissibility, of these opinions and that during cross-examination, plaintiffs may thoroughly question Mr. Roberts regarding all of the alleged deficiencies in Mr. Roberts' opinions.

Accordingly, the Court finds that Mr. Roberts' opinions concerning whether HESI's RCRA closure plan complied with applicable law and regulations should not be excluded.

### D. Opinions concerning the appropriateness of HESI's communications with state agencies as fulfilling HESI's duty to warn

Plaintiffs assert that Mr. Roberts' opinions concerning whether HESI was obligated to notify adjoining landowners of the ground water contamination are legal opinions that should be excluded

8

by the Court. Plaintiffs contend that Mr. Roberts' opinions invade the province of the Court and the jury in determining whether or not HESI had a duty to warn and whether HESI breached that standard of care as part of a negligence claim and infringes on the Court's and the jury's decision as to whether that breach of duty was sufficiently egregious to support a claim for punitive damages. Plaintiffs assert that Mr. Roberts' opinions that HESI properly performed its notification duties imply that HESI had no duty to warn its neighbors of such pollution other than to discuss the issue with the state agency.

Having carefully reviewed the parties' submissions, and particularly Mr. Roberts' expert report and deposition testimony, the Court finds that Mr. Roberts' opinions concerning whether HESI was obligated to notify adjoining landowners of the ground water contamination do not constitute impermissible legal opinions. Mr. Roberts does not opine on whether HESI had a legal duty to warn the area residents or whether HESI was legally obligated to go to the state agency or was prohibited from going directly to the public. Mr. Roberts' opinions relate to compliance, the expectations of state agencies, and his experience regarding environmental communications with the public. The Court finds these opinions will assist the jury to understand the evidence and/or to determine a fact in issue and do not invade the Court's or the jury's responsibilities. Finally, the Court finds that any objections plaintiffs have to Mr. Roberts' opinions go to the weight, and not the admissibility, of these opinions and that during cross-examination, plaintiffs may thoroughly question Mr. Roberts regarding all of the alleged deficiencies in Mr. Roberts' opinions.

Accordingly, the Court finds that Mr. Roberts' opinions concerning the appropriateness of HESI's communications with state agencies as fulfilling its duty to warn should not be excluded.

III.　Conclusion

The Court, therefore, GRANTS IN PART and DENIES IN PART plaintiffs' "Motion in Limine to Proclude Expert Testimony of Defendant's Witness, Herschel Roberts" as set forth above.

**IT IS SO ORDERED this 27th day of July, 2015.**

*[signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE