# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMANDA ALEXANDER, et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. CIV-11-1343-M ) |
| HALLIBURTON COMPANY, HALLIBURTON ENERGY SERVICES, INC., and SAIC ENERGY, ENVIRONMENT & INFRASTRUCTURE, LLC, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is defendant Halliburton Energy Services, Inc.'s ("Halliburton") Motion for Summary Judgment on the Emotional Distress Claims of Trial Plaintiffs Eric Auton and Susan Whetstone, filed May 18, 2016. On June 8, 2016, plaintiffs Eric Auton and Susan Whetstone ("Plaintiffs") filed their response, and on June 13, 2016, Halliburton filed its reply.

I.  Background

From the mid-1960s until 1991, Halliburton cleaned missile motor casings for the United States Department of Defense and its contractors on a portion of its Osage Road facility near Duncan, Oklahoma ("Site"). Plaintiffs allege that, as a result of those operations, the groundwater at the Site became contaminated with perchlorate, which has since migrated offsite and into the private water wells of numerous area residents. As a result, Plaintiffs have alleged negligent infliction of emotional distress claims against Halliburton, contending that they suffered emotional distress from exposure to perchlorate.

Halliburton previously filed a motion for summary judgment as to the emotional distress claims of all plaintiffs, except those asserting bodily injury claims. The Court granted in part and

denied in part Halliburton's motion. In its order, the Court found that "[t]he parties do not dispute that under Oklahoma law, 'upon proper proof, the plaintiff may recover for mental anguish where it is caused by physical suffering and may also recover for mental anguish which inflicts physical suffering.' *Ellington v. Coca Cola Bottling Co. of Tulsa, Inc.*, 717 P.2d 109, 111 (Okla. 1986)." June 10, 2015 Order [docket no. 225] at 5. The parties disputed whether expert testimony was required in order to recover for a mental anguish/emotional distress claim. The Court found as follows:

> this Court must determine whether the injury claimed by a plaintiff is of such character as to require an expert to determine the cause and extent thereof. In other words, the Court must determine whether the injury claimed, as well as the causation of that injury, is within the usual and ordinary experience of the average person. This determination will necessarily depend on the injury alleged. In the instant cases, there are various physical injuries alleged by plaintiffs, such as loss of sleep, nausea, stomach aches, headaches, seizures, high blood pressure, and ulcers, that plaintiffs contend were caused by their mental anguish resulting from the alleged contamination. Certain of these physical injuries, such as headaches, ulcers, and seizures, are clearly of such character as to require the testimony of an expert, or at a minimum a plaintiff's treating physician. Other physical injuries, such as loss of sleep, fall within the usual and ordinary experience of the average person and the testimony of an expert would not be necessary. Additionally, the Court finds the timing between the mental anguish and the physical injury alleged will also affect the determination of whether expert testimony is required. As the claimed physical injury becomes more separated in time from the mental anguish, the causal relationship becomes more doubtful and tenuous, and expert testimony would become necessary to establish causation.

*Id.* at 6-7. The Court, thus, concluded that summary judgment could not be granted on a global basis in relation to plaintiffs' claims for emotional distress and/or mental anguish and that any ruling on the merits of such a claim would need to be made on a plaintiff by plaintiff basis. *See id.* at 7.

2

On April 7, 2016, the Court selected Plaintiffs as the trial plaintiffs for the first trial. Plaintiffs are only seeking emotional distress damages. With leave of Court, Halliburton has now filed a motion for summary judgment in relation to Plaintiffs' claims.

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.    Discussion

Halliburton asserts that a review of the physical symptoms claimed by Plaintiffs – which include stomach aches, diarrhea, headaches, muscle cramps, ulcers, irritable bowel syndrome, cysts, fibroid tumors, Hashimoto's thyroiditis, hypothyroidism, high blood pressure, and sinus infections

3

– demonstrates that expert testimony is required to prove a causal connection between those physical ailments and their emotional distress. Because Plaintiffs have not come forward with any expert testimony, Halliburton contends that their claims for emotional distress fail as a matter of law. Additionally, Halliburton contends that loss of sleep and/or other sleep issues[1] are not physical injuries but manifestations of emotional distress that are not compensable absent an actual physical illness or injury.

### A. Loss of sleep/sleep issues

Halliburton asserts that loss of sleep is not a physical injury, but rather is simply a manifestation of emotional distress, and cannot serve as a basis to recover damages for emotional distress under Oklahoma law. Halliburton, thus, contends that to the extent Plaintiffs are claiming that their emotional distress claims are based on sleeplessness as a physical injury, those claims fail as a matter or law. Plaintiffs assert that Oklahoma courts have recognized loss of sleep as a physical injury and, thus, their allegations of loss of sleep can serve as a basis to recover damages for emotional distress.

Having carefully reviewed the parties' submissions, as well as the cases cited by the parties, the Court finds that loss of sleep is a physical injury sufficient to serve as a basis to recover damages for emotional distress. The cases cited by Halliburton are inapplicable to the instant matter and do not clearly stand for the proposition on which Halliburton asserts they do. Many of the cases involve the interpretation of the phrase "bodily injury" in insurance policies. Further, some of the cases do not specifically state that loss of sleep is never a physical injury sufficient to serve as a

---

[1] As set forth above, in its June 10, 2015 Order, the Court found that physical injuries, such as loss of sleep, fall within the usual and ordinary experience of the average person and the testimony of an expert would not be necessary. *See* June 10, 2015 Order at 6.

basis to recover damages for emotional distress but find that in that particular case the plaintiff did not submit sufficient evidence that the loss of sleep was causally connected and/or was of sufficient intensity to create a physical injury. Additionally, numerous cases have found that loss of sleep/sleeplessness is an adverse physical manifestation of emotional distress sufficient to serve as a basis to recover damages. *See, e.g., Wilson v. Muckala*, 303 F.3d 1207, 1213 (10th Cir. 2002) (finding some evidence of physical harm was presented through plaintiff's treating psychiatrist's testimony that included plaintiff having difficulty sleeping); *Woodmen Accident & Life Ins. Co. v. Bryant*, 784 F.2d 1052, 1057 (10th Cir. 1986) (noting that "[s]ome cases recognize that sleeplessness is an adverse physical manifestation of emotional distress, and thus it can constitute bodily harm sufficient to establish that element of damages."); *Hutchinson v. City of Okla. City*, 919 F. Supp. 2d 1163, 1183 (W.D. Okla. 2013) (finding that trouble sleeping was a physical manifestation of emotional distress); *Fanning v. Washita Freight Sys., Inc.*, No. CIV-08-411-C, 2009 WL 536860, at *7 (W.D. Okla. March 3, 2009) (finding difficulty sleeping was a physical injury).

Halliburton further asserts that even if sleeplessness were to be considered a physical injury, the scientific literature and relevant case law recognize that sleeplessness is a common condition with multiple potential causes, thus requiring a medical differential diagnosis in order to determine causation. Having reviewed the parties' submissions, the Court finds, as it did in its June 10, 2015 Order, that loss of sleep falls within the usual and ordinary experience of the average person and the testimony of an expert would not be necessary. Halliburton can cross-examine Plaintiffs regarding other causes and/or reasons for Plaintiffs' sleeplessness.

Accordingly, the Court finds that Halliburton's motion for summary judgment as to Plaintiffs' emotional distress claims based on sleeplessness as a physical injury should be denied.

B. <u>Other physical injuries that serve as a basis for Plaintiffs' emotional distress claims</u>[2]

Plaintiff Auton has alleged that he suffered stomach aches, diarrhea, and muscle cramps as a result of the exposure to perchlorate. Plaintiff Auton has further alleged that he suffered anxiety and worry as a result of learning of his alleged exposure to perchlorate and that this anxiety and worry caused him to suffer headaches and nervousness. Plaintiff Whetstone has alleged that she suffered headaches, depression, anxiety, stomach problems, ulcers, and irritable bowel syndrome, and developed cysts, fibroid tumors, hypothyroidism, and Hashimoto's thyroiditis from her exposure to perchlorate. Plaintiff Whetstone has further alleged that she suffered anxiety and worry as a result of learning of her alleged exposure to perchlorate and that this anxiety and worry caused her to suffer headaches, irritable bowel syndrome, ulcers, high blood pressure, and sinus infections.

Because Plaintiffs have produced no expert medical evidence to show that perchlorate caused the above referenced physical injuries, or that those conditions proximately caused their particular emotional distress symptoms, Halliburton contends that Plaintiffs' claims for emotional distress based upon these physical injuries fail as a matter of law. Plaintiffs assert that their personal testimony, supplemented with the testimony of their healthcare providers, shall meet their burden at trial and no additional testimony from experts is required to demonstrate their specific emotional distress. In their response to Halliburton's motion, however, Plaintiffs do not include any affidavits from their treating physicians or deposition testimony of their treating physicians; in fact, Plaintiffs present no evidence regarding the testimony of their treating physicians – they simply state they will be testifying.

---

[2]The other physical injuries addressed in this section include all of Plaintiffs' alleged physical injuries except loss of sleep/sleeplessness.

6

The Oklahoma Supreme Court has held:

> The rule of law is established in this jurisdiction that where an injury is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be determined by the testimony of skilled and professional persons, and cannot be determined by the testimony of unskilled witnesses having no scientific knowledge of such injuries.

*Cushing Coca-Cola Bottling Co. v. Francis*, 245 P.2d 84, 85 (Okla. 1952). In its June 10, 2015 Order, the Court found that it "must determine whether the injury claimed by a plaintiff is of such character as to require an expert to determine the cause and extent thereof." June 10, 2015 Order at 6. The Court further held that "[c]ertain of these physical injuries, such as headaches, ulcers, and seizures, are clearly of such character as to require the testimony of an expert, or at a minimum a plaintiff's treating physician." *Id.* Regarding the other physical injuries that serve as a basis for Plaintiffs' emotional distress claims, specifically, stomach aches, diarrhea, muscle cramps, headaches, ulcers, irritable bowel syndrome, cysts, fibroid tumors, hypothyroidism, Hashimoto's thyroiditis, high blood pressure, and sinus infections, the Court finds that these other physical injuries all require the testimony of an expert, or at a minimum testimony of Plaintiffs' treating physicians.

It is undisputed that Plaintiffs have not retained an expert to testify regarding these other physical injuries. Additionally, Plaintiffs have not submitted any evidence regarding what Plaintiffs' treating physicians' testimony will be. In responding to a motion for summary judgment, a plaintiff cannot simply rely on their allegations in the complaint and descriptions of the evidence he hopes to introduce at trial. "Unsupported conclusory allegations . . . do not create an issue of fact." *MacKenzie v. City and Cty. of Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005) (internal citation omitted).

7

Accordingly, because Plaintiffs' emotional distress claims based upon these other physical injuries require the testimony of an expert, or at a minimum testimony of Plaintiffs' treating physicians, to be viable, and because Plaintiffs have not retained an expert or submitted any evidence from Plaintiffs' treating physicians, the Court finds that Halliburton is entitled to summary judgment as to these claims.[3]

IV.     Conclusion

Accordingly, the Court GRANTS IN PART and DENIES IN PART Halliburton's Motion for Summary Judgment on the Emotional Distress Claims of Trial Plaintiffs Eric Auton and Susan Whetstone [docket no. 297] as follows:

(A)     The Court DENIES the motion for summary judgment as to Plaintiffs' emotional distress claims based on sleeplessness as a physical injury, and
(B)     The Court GRANTS the motion for summary judgment as to Plaintiffs' emotional distress claims based upon other physical injuries.

**IT IS SO ORDERED this 17th day of June, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[3]In their response, Plaintiffs assert that because of Halliburton's alleged "willful" conduct, Plaintiffs do not have to show any physical injury. Oklahoma law is clear that in relation to emotional distress damages based upon negligence - the claim at issue in this case, a plaintiff must show a physical injury. While a physical injury may not be required in relation to intentional infliction of emotional distress, Plaintiffs have not pled such a claim.

8