# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMANDA ALEXANDER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. CIV-11-1343-M |
| | ) |
| HALLIBURTON ENERGY SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is plaintiffs' Motion to Modify the Scheduling Order and Permit a Supplemental Expert Report on the Emotional Distress Claims, filed October 5, 2016. On October 17, 2016, defendant filed its response. Based upon the parties' submissions, the Court makes its determination.

Plaintiffs seek permission from this Court to submit, as needed and appropriate, an expert report in support of certain plaintiffs' emotional distress claims. Plaintiffs contend that the opportunity to insure that each plaintiff presents his or her full case to the trier of fact supports the exercise of judicial discretion and a modification of the scheduling order. Plaintiffs assert that the Court's clarifying order on the need for professional or expert testimony in support of such claims, made following the close of discovery, provides good cause for such a modification, as no case on point existed within Oklahoma law. Plaintiffs further assert that they have worked diligently throughout the litigation, particularly noting the numerous settlements of the claims of various plaintiffs.

Defendant asserts that plaintiffs have not shown good cause for their requested modification. Defendant contends that plaintiffs could have and should have retained these experts and proffered

expert reports years ago. Specifically, defendant asserts that based upon the Court's June 2015 ruling on defendant's motion for summary judgment, plaintiffs cannot credibly argue that they had no fair warning of this issue for, at a minimum, well over a year. Defendant further asserts that its ability to effectively prepare for trial would be prejudiced if belated expert issues are introduced.

Federal Rule of Civil Procedure 16(b)(4) provides: "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

> Appellate decisions have identified several relevant factors in reviewing decisions concerning whether discovery should be reopened, including: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987) (citations omitted).

Having carefully reviewed the parties' submissions, the Court finds that plaintiffs have not shown good cause to modify the scheduling order to allow plaintiffs to submit an expert report in support of certain plaintiffs' emotional distress claims. Specifically, the Court finds that plaintiffs were not diligent in seeking leave of this Court to allow them to submit such an expert report.[1] The Court finds that plaintiffs should have been aware of their need for an expert in relation to certain plaintiffs' emotional distress claims no later than June 10, 2015, when the Court issued its order on

---

[1] While the Court finds that plaintiffs have been very diligent generally in this case, the Court finds plaintiffs have not been diligent with respect to seeking leave to obtain an expert in relation to the emotional distress claims.

defendant's motion for summary judgment regarding the emotional distress claims[2] and should have sought leave at that time. Further, the Court finds that the Court's June 17, 2016 Order, granting in part and denying in part defendant's Motion for Summary Judgment on the Emotional Distress Claims of Trial Plaintiffs Eric Auton and Susan Whetstone, set forth nothing new regarding the need for an expert in relation to the emotional distress claims but simply applied the Court's June 10, 2015 Order to the claims of the trial plaintiffs.[3] Additionally, the Court finds that at this juncture,

---

[2] On June 10, 2015, the Court entered an order granting in part and denying in part defendant's Motion for Summary Judgment on the Emotional Distress and/or Mental Anguish Claims of All Plaintiffs in the Above-Captioned Cases Except Plaintiffs Gilley, F. Herndon, M. Herndon, Pace, and L. Wilmes. In its order, the Court found:

> this Court must determine whether the injury claimed by a plaintiff is of such character as to require an expert to determine the cause and extent thereof. In other words, the Court must determine whether the injury claimed, as well as the causation of that injury, is within the usual and ordinary experience of the average person. This determination will necessarily depend on the injury alleged. In the instant cases, there are various physical injuries alleged by plaintiffs, such as loss of sleep, nausea, stomach aches, headaches, seizures, high blood pressure, and ulcers, that plaintiffs contend were caused by their mental anguish resulting from the alleged contamination. Certain of these physical injuries, such as headaches, ulcers, and seizures, are clearly of such character as to require the testimony of an expert, or at a minimum a plaintiff's treating physician. Other physical injuries, such as loss of sleep, fall within the usual and ordinary experience of the average person and the testimony of an expert would not be necessary. Additionally, the Court finds the timing between the mental anguish and the physical injury alleged will also affect the determination of whether expert testimony is required. As the claimed physical injury becomes more separated in time from the mental anguish, the causal relationship becomes more doubtful and tenuous, and expert testimony would become necessary to establish causation.

June 10, 2015 Order [docket no. 225] at 6-7.

[3] In its June 17, 2016 Order, the Court, relying in part upon its June 10, 2015 Order, found that the testimony of an expert would not be necessary for emotional distress claims based on

defendant's ability to effectively prepare for trial would be prejudiced if plaintiffs were allowed to submit an expert report in support of certain plaintiffs' emotional distress claims. Further, the Court finds that if plaintiffs are allowed to obtain an expert, defendant would likewise need to be afforded the opportunity to obtain a rebuttal expert if it deemed an expert necessary, and that the time needed for these experts to form their opinions and for the parties to take any needed depositions could impact the current setting of this case on the Court's March 2017 trial docket.

Accordingly, in light of plaintiffs' approximately one year and four month delay in seeking leave to submit an expert report from the time the Court finds plaintiffs should have known of the need for an expert, and the prejudice to defendant if plaintiffs are granted leave, the Court DENIES plaintiffs' Motion to Modify the Scheduling Order and Permit a Supplemental Expert Report on the Emotional Distress Claims [docket no. 330].

**IT IS SO ORDERED this 10th day of November, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

sleeplessness but found the testimony of an expert, or at a minimum testimony of plaintiffs' treating physicians, would be required for emotional distress claims based on stomach aches, diarrhea, muscle cramps, headaches, ulcers, irritable bowel syndrome, cysts, fibroid tumors, hypothyroidism, Hashimoto's thyroiditis, high blood pressure, and sinus infections. *See* June 17, 2016 Order [docket no. 312].

4